**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CARLOTZ, INC. DERIVITIVE LITIGATION | Lead Case No. 1:21-cv-08623-RA |

**STIPULATION AND [PROPOSED] ORDER STAYING CASE**

WHEREAS, on July 8, 2021, Daniel G. Erdman commenced a putative securities fraud class action against CarLotz, Inc. ("CarLotz"), Michael W. Bor, and Thomas W. Stolz, captioned *Erdman v. CarLotz, Inc., et al.*, Case No. 1:21-cv-05906 (the "Federal Securities Action"), on behalf of a putative class of persons and entities that purchased or otherwise acquired securities of Acamar Partners Acquisition Corp. or CarLotz between December 30, 2020 and May 25, 2021. (Federal Securities Class Action ECF No. 1);

WHEREAS, on October 15, 2021, the Court appointed David Berger as Lead Plaintiff in the Federal Securities Action and approved his selection of Kahn Swick & Foti, LLC as Lead Counsel (Federal Securities Action ECF No. 40);

WHEREAS, on October 20, 2021, Plaintiff Julian Cha filed a shareholder derivative complaint on behalf of nominal defendant CarLotz, Inc. ("CarLotz" or the "Company") in this Court making claims for breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against defendants David R. Mitchell, Luis Ignacio Solorzano Aizpuru, Kimberly H. Sheehy, Linda B. Abraham, Michael W. Bor, Steven G. Carrel, Sarah M. Kauss, James E. Skinner, and Thomas W. Stoltz (collectively, the "Individual Defendants" and together with CarLotz the "Defendants"), and for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and for contribution under Sections

10(b) and 21D of the Exchange Act against certain of the Individual Defendants, captioned *Cha v. Mitchell, et al.*, Case No. 1:21-cv-08623 (the "*Cha* Action") (*Cha* Action ECF No. 1);

WHEREAS, on October 25, 2021, Plaintiff Cha filed an affidavit of service indicating that process was served on CarLotz's registered agent that same day (*Cha* Action ECF No. 6), but had yet to be served on any of the Individual Defendants;

WHEREAS, on October 26, 2021, the Court so-ordered the parties' scheduling stipulation and proposed Order in the Federal Securities Action, which required Lead Plaintiff to file a consolidated amended complaint on or before December 14, 2021 and required briefing on the forthcoming motion to dismiss the amended consolidated complaint by defendants in the Federal Securities Action to be completed by June 10, 2022. (Federal Securities Action ECF No. 45);

WHEREAS, on October 27, 2021, Plaintiff Mark Habib filed a shareholder derivative complaint purportedly on behalf of Nominal Defendant CarLotz alleging substantially similar facts and making claims for violations of Section 14(a) of the Exchange Act, breaches of fiduciary duty, and for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Habib v. Mitchell, et al.*, Case No. 1:21-cv-08786 (the "*Habib* Action" and together with the *Cha* Action, the "Related Derivative Actions") (*Habib* Action ECF No. 1);

WHEREAS, on November 2, 2021, Plaintiff Habib filed an affidavit of service indicating that process was served on CarLotz's registered agent on November 1, 2021 (*Habib* Action ECF No. 6), but had yet to be served on any of the Individual Defendants;

WHEREAS, on November 12, 2021, the parties submitted a Joint Stipulation and [Proposed] Order consolidating the Related Derivative Actions under *In re CarLotz, Inc. Deriv. Litig.*, Lead Case No. 1:21-cv-08623 (the "Consolidated Derivative Action"), appointing undersigned counsel for Cha and Habibi co-lead counsel for Plaintiffs, and deeming the complaints

filed in the Related Derivative Actions to be personally served effective November 15, 2021 on all Defendants who had yet to be served in the Related Derivative Actions, provided that each Defendant expressly reserves and does not waive any and all rights, defenses, and other objections (other than insufficient process or insufficient service of process). (ECF No. 10 ¶¶ 1-5);

WHEREAS, on November 15, 2021, the Court granted the Parties' November 12, 2021 Joint Stipulation and [Proposed] Order. (ECF No. 11);

WHEREAS, the Court's November 15, 2021 Order allowed the parties seventy-five (75) days from the date of its entry (by January 31, 2022) to submit a proposed schedule, or in the event that counsel for the parties are unable to agree on next steps and/or a proposed schedule for the conduct of further proceedings, to submit a joint status report not to exceed two (2) pages setting forth their respective views regarding further proceedings. (¶ 10);

WHEREAS, on January 28, 2022, the parties requested an extension of the time through February 14, 2022 to comply with ¶ 10 of the Court's November 15, 2021 Order to help them reach consensus on certain terms of a schedule for the conduct of further proceedings in the Consolidated Derivative Action. (ECF No. 15);

WHEREAS, on January 31, 2022, the Court granted the parties' request for an extension. (ECF No. 16);

WHEREAS the Parties agree that this Action involves certain of the same parties and allegations as the Federal Securities Action; and

WHEREAS the Parties agree that the interests of preserving the Parties' and the Court's resources and ensuring efficient and effective case management would be best served by staying this Action pending the entry of an order resolving the forthcoming motion to dismiss the amended consolidated complaint by defendants in the Federal Securities Action and have further agreed on

certain terms, noted below, which will remain in effect during the pendency of the stay or as otherwise specified below.

NOW, THEREFORE, the parties, by and through their undersigned counsel and subject to the Court's approval, stipulate and agree as follows:

1. This Action, including all hearings and deadlines, shall be stayed pending the entry of an order finally resolving the forthcoming motion to dismiss the operative complaint by defendants in the Federal Securities Action and the resolution of any appeals therefrom or expiration of the time to appeal therefrom.

2. Plaintiffs may file a consolidated amended complaint or designate an operative complaint while this Action is stayed.

3. Defendants shall be under no obligation to move, answer, or otherwise respond to any complaint while this Action is stayed.

4. During the pendency of the stay, should any documents be produced by CarLotz in response to any "books and records" demand under 8 *Del. C.* § 220, or if any documents were produced by CarLotz before the pendency of the stay in response to any such "books and records" demand, Plaintiffs will promptly be given copies of those books and records (the "Produced Documents") pursuant to a confidentiality agreement acceptable to the Parties, governing the use of confidential information. The Produced Documents shall be the only documents made available to Plaintiffs during the pendency of the stay.

5. Counsel for Defendants shall promptly notify counsel for Plaintiffs of any related derivative actions of which they became or become aware.

6. If the plaintiff in any related derivative action declines to agree to a stay of proceedings of at least the same duration as the stay established through this Stipulation and Order

or if contested motion practice begins, Plaintiffs have the option to terminate the stay by giving thirty days' notice via email to the undersigned counsel for Defendants.

7.  Mediation:

   a.  In the event the forthcoming motion to dismiss the amended consolidated complaint by defendants in the Federal Securities Action is denied in whole or in part and the parties to the Federal Securities Action thereafter agree to mediate their dispute, or they otherwise agree to mediate their dispute (the "Federal Securities Mediation"), Plaintiffs may participate in such Federal Securities Mediation, provided that all parties to the Federal Securities Action consent thereto.  Plaintiffs shall have the sole and exclusive responsibility of obtaining consent from the parties in the Federal Securities Action to participate in the Federal Securities Mediation, and Defendants shall have no obligation with respect thereto.

   b.  In the event the parties to the Federal Securities Action do not consent to Plaintiffs' participation in the Federal Securities Mediation, as set forth in subsection (a) above, Plaintiffs may request that the Parties mediate their dispute separately at or about the same time as the Federal Securities Mediation.  In such event, Defendants shall have no obligation to agree to Plaintiffs' request unless (i) Plaintiffs first use their best efforts to procure the consent of the parties in the Federal Securities Action to participate in the Federal Securities Mediation and (ii) Plaintiffs do not reject any reasonable conditions that any party to the Federal Securities Action may impose before consenting to Plaintiffs' participation in the Federal Securities Mediation.

8.  Within thirty days of the final resolution of the forthcoming motion to dismiss the operative complaint by defendants in the Federal Securities Action and the resolution of any appeals therefrom or expiration of the time to appeal therefrom, the Parties shall meet and confer

to determine appropriate next steps in this Action and, should an agreement be reached, will promptly submit a joint proposed scheduling order for the Court's review and approval.

9. Nothing in this Stipulation shall be construed as a waiver of any and all defenses or arguments that any Party might otherwise have (including, by way of example only, improper venue, lack of personal jurisdiction or lack of subject matter jurisdiction), and the Parties reserve all rights.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

February 14, 2022              **THE BROWN LAW FIRM, P.C.**

<u>/s/ Timothy Brown</u>*
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Tel.: (516) 922-5427
Email: tbrown@thebrownlawfirm.net
*Signature used with permission pursuant to S.D.N.Y. ECF Rule 8.5

*Co-Lead Counsel for Plaintiffs*

February 14, 2022              **THE ROSEN LAW FIRM, P.A.**

<u>/s/ Phillip Kim</u>*
Phillip Kim
275 Madison Avenue 40th Floor
New York, NY 10016
Tel.: (212) 686-1060
Email: pkim@rosenlegal.com
*Signature used with permission pursuant to S.D.N.Y. ECF Rule 8.5

*Co-Lead Counsel for Plaintiffs*

February 14, 2022              **FRESHFIELDS BRUCKHAUS DERINGER US LLP**

<u>/s/ Mary Eaton</u>
Mary Eaton
Nicholas A. Caselli
601 Lexington Avenue, 31st Floor
New York, New York 10022
Tel.: (212) 277-4000
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com

*Counsel for Defendants*

**IT IS SO ORDERED** this __15th__ day of __February,_____ 2022

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

7